IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Plaintiff<br>United States of America<br>v.<br><br>Defendant<br>William Kreibich | Case No: 9 CR 269-1<br><br>Judge Virginia M. Kendall |
|---|---|

### ORDER

Kreibich's second Motion to Dismiss the Indictment is denied..

(T:06)                                     **STATEMENT**

Defendant William Kreibich moves to dismiss the Indictment returned against him on November 23, 2013. (Dkt. No. 140.) Kreibich claims that the Indictment is deficient on its face, that there is insufficient evidence to support the charges against him, and that the government may have misled the Grand Jury as to the meaning of "scheme." This Court denies Kreibich's motion because the Indictment is valid on its face and because Kreibich has not presented a compelling reason for this Court even to consider looking into the prerogative of the Grand Jury.

1. This is not the first time that Kreibich challenges this Indictment. The case was previously assigned to a different district court judge who already concluded that the Indictment returned against Kreibich "adequately tracks the elements of the offenses, informs Defendant of the nature of the charges so that he can prepare a defense, and enables Defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offense." (Dkt. No. 34 at 3.) Kreibich obviously believes that he can challenge the Indictment again now that he has another court-appointed attorney and a new district court judge. Nothing has changed with the Indictment to change the first judge's ruling and this Court agrees with, and adopts, the previous Court's ruling challenging the same charging document. Therefore, this Court rejects Kreibich's claim that the Indictment is deficient on its face.

This Court also rejects Kreibich's invitation to invade the province of the grand jury to determine whether there was an adequate basis for bringing criminal charges. The grand jury is an institution separate from the courts. United States v. Williams, 504 U.S. 36, 47 (1992). Its role is to investigate whether a crime has been committed. United States v. R. Enterprises, Inc., 498 U.S. 292, 297 (1991). Rather than determine guilt or innocence, the grand jury assesses "whether there is adequate basis for bringing a criminal charge." Williams, 504 U.S. at 51. It is not the role of the courts to second-guess the grand jury's judgment as to whether there was adequate, competent evidence to support a criminal charge. See id. at 54.

Indeed, courts should be reluctant to examine the quality or sufficiency of the evidence presented

to a grand jury. See United States v. Greve, 490 F.3d 566, 571 (7th Cir. 2007). Yet Kreibich asks this Court to do that and more. The only authority Kreibich cites to support dismissal of an indictment based on the sufficiency of the evidence before the Grand Jury is Justice Burton's concurrence in Costello v. United States, 350 U.S. 359, 364-65 (1956). (Dkt. No. 143 at 2.) But this is precisely what Costello prohibits. Costello, 350 U.S. at 363-64 (rejecting rule permitting defendants to challenge indictments as unsupported by adequate or competent evidence). Therefore, Kreibich's claim that there is no evidence, which is simply another way of saying that there was inadequate or incompetent evidence, to support the charges against him does not warrant dismissal of the indictment. The indictment is valid on its face and warrants a trial on the merits. See Greve, 490 F.3d at 570-71 ("The Supreme Court has held that '[a]n indictment returned by a legally constituted and unbiased grand jury . . . , if valid on its face, is enough to call for a trial on the merits.' ") (quoting Costello, 350 U.S. at 363).

The same is true for Kreibich's last claim that the Government must have misled the Grand Jury. "A complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.' " See Williams, 504 U.S. at 354. This is particularly true here, as the basis for Kreibich's claim that the Government misled the Grand Jury as to the meaning of "scheme to defraud" appears to be his belief that there was no evidence presented to the Grand Jury concerning a scheme to defraud. (See Dkt. No. 140 at 4, n.4; Dkt. No. 143 at 3.) But Kreibich's unfounded belief does not require a review of the Grand Jury's determination because the indictment is valid on its face. Specifically, with respect to the "scheme to defraud," the indictment alleges that Kreibich made false statements concerning his income to the United States Department of Veterans Affairs to establish his eligibility for monthly pension payments. (See Dkt. No. 1 at 3-4.) This allegation tracks the Seventh Circuit's Pattern Criminal Jury Instructions (revised Feb. 2013), which define a scheme to defraud as "a scheme that is intended to deceive or cheat another and to obtain money or property or cause the loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises." Because the indictment returned against Kreibich alleges a scheme to defraud consistent with the definition of a scheme to defraud contained in the pattern criminal jury instructions, there is no reason to question whether the Grand Jury understood the meaning of the term.

For these reasons, this Court denies Kreibich's second Motion to Dismiss the Indictment.

Date: February 26, 2014 /s/ Virginia M. Kendall